AUSA Brandon Bolling (313) 226-9666
Special Agent Trent Horky, HSI (313) 226-0777

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

## Eastern District of Michigan

United States of America

v.

D-1 Kassem Abdulhadi HACHEM; and
D-2 Manal Abdel Rahmen ABDELREHIM

Case:2:15-mj-30469
Judge: Unassigned,
Filed: 10-02-2015 At 11:39 AM
IN RE: SEALED MATTER (KAS)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _from a time unknown until August 7, 2015_ in the county of _____Wayne_____ in the
_____Eastern_____ District of _____Michigan_____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| D-1 Kassem Abdulhadi HACHEM: | 8 U.S.C. Section 1326 - Illegal Reentry after Removal |
| 8 U.S.C. Section 1326; | 18 U.S.C. Section 1028A - Aggravated Identity Theft |
| 18 U.S.C. Section 1028A; and | 18 U.S.C. Section 1425 - Unlawfully Procuring Citizenship/Naturalization |
| 18 U.S.C. Section 1546. | 18 U.S.C. Section 1546 - Visa Fraud |
| | |
| D-2 Manal Abdel Rahmen ABDELREHIM: | |
| 18 U.S.C. Section 1425; and | |
| 18 U.S.C. Section 1546. | |

This criminal complaint is based on these facts:
See Attached Affidafit.

☐ Continued on the attached sheet.

_____
Complainant's signature

Trent Horky, Task Force Officer, HSI
Printed name and title

Sworn to before me and signed in my presence.

Date: _October 2, 2015_

City and state: _Detroit, Michigan_

Mona K. Maizoub
Judge's signature

U.S. Magistrate Judge
Printed name and title

## Affidavit

I, Trent Horky being duly sworn, do hereby state:

1.  I am a Deportation Officer with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE). I have been employed in this capacity since April 2006. Prior to employment as a Deportation Officer, affiant was a correctional officer with the Federal Bureau of Prison, for approximately five years. I have a total of nine years training and experience in the enforcement of the criminal and immigration and naturalization laws of the United States. I am currently assigned as a task force officer to Homeland Security Investigation's (HSI) Border Enforcement Security task force (BEST) and investigate criminal violations related to border security, in such capacity, I have reviewed the official Immigration file (Axxx-xxx-587) and system automated data relating to the Kassem Abdulhadi HACHEM, which attests to the following:

2.  The information set forth below is for the limited purpose of establishing probable cause. Therefore, this affidavit does not necessarily contain all the information collected during the investigation of this incident.

3.  Kassem Abdulhadi HACHEM, HACHEM herein, is a 54 year old native and citizen of Lebanon who last entered the United States on or about March 21, 2009 at the Detroit / Windsor tunnel as an imposter. Manal Abdel Rahmen ABDELREHIM, ABDELREHIM herein, is a 44 year old female native of Egypt and citizen of the United States.

4.  On April 11, 2001, ABDELREHIM married Ismael Abdul-Qadir.

5.  On October 19, 2002, ABDELREHIM received Conditional Permanent Residency from her marriage to Abdul-Qadir.

6.  On July 13, 2004, Ismael Abdul-Qadir and ABDELREHIM filed a form I-751, Petition to Remove Conditions on Residence. Ismael Abdul-Qadir and ABDELREHIM failed to report to USCIS on May, 23, 2006, for an I-751 interview and the petition was subsequently denied and flagged for fraud on October 04, 2006.

7.  On April 13, 2005, HACHEM was ordered removed from the United States to Lebanon by an Immigration Judge in Detroit, Michigan. HACHEM appealed the decision to the Board of Immigration Appeals (BIA).

8.    On April 18, 2005, ABDELREHIM gave birth to Hanan. HACHEM is the father.

9.    On July 27, 2006, HACHEM's appeal was dismissed by the BIA. HACHEM was not in the custody of the Department of Homeland Security and was allowed to remain out of custody on an Order of Supervision while ICE attempted to procure a travel document for HACHEM's removal from the United States.

10.   On November 27, 2006, ABDELREHIM gave birth to Adham. HACHEM is the father.

11.   On February 06, 2007, ABDELREHIM was issued an I-862, Notice to Appear, and placed into removal proceedings by United States Citizenship and Immigration Service (USCIS) as a result of the I-751 denial.

12.   During removal proceedings ABDELREHIM's attorney's filed a motion to dismiss/withdraw the Notice to Appear stating that Ms. ABDELREHIM and Mr. Abdul-Qadir had had two children during their marriage and provided birth certificates indicating the same.

13.   In October of 2007 ICE obtained a travel document to remove HACHEM. ICE allowed HACHEM to self-remove and he made arrangements to depart the United States. ICE gave HACHEM a form G-146, Record of Departure, to take to the United States Embassy in Beirut Lebanon.

14.   On October 31, 2007, HACHEM departed the United States from Detroit, Michigan via Air France.

15.   On November 05, 2007, HACHEM reported to the United States Embassy in Beirut, Lebanon with form G-146. The United States Embassy stamped and signed form G-146 and returned to ICE as verification of departure. ICE received form G-146 on November 26, 2007.

16.   On November 28, 2008, the immigration judge terminated the removal proceedings to allow ABDELREHIM's I-751 to be adjudicated by USCIS.

17.   On June 20, 2009, ABDELREHIM's I-751 was approved by USCIS and her conditions were removed.

18. On March 20, 2009, HACHEM flew from Beirut Lebanon to Montreal Canada on a United States passport issued to Faouzi Hamade a United States Citizen. HACHEM then traveled from Montreal to Windsor where he crossed the border to the United States on March 21, 2009 using the same passport.

19. On June 20, 2009, ABDELREHIM's I-751 was approved by USCIS and her conditions were removed.

20. On October 23, 2010, ABDELREHIM's N-400 was approved and on March 12, 2010 she became a United States Citizen.

21. On April 06, 2011, ABDELREHIM divorced Abdul-Qadir.

22. On September 25, 2014, Manal Abdelrehim filed a form I-130, Petition for Alien Relative stating that she and HACHEM are married and that she resides in Canton Michigan and HACHEM resides in Zahle Lebanon.

23. On August 07, 2015, HACHEM was arrested by ICE officers for administrative violations of the INA. HACHEM claimed fear of returning to Lebanon and was referred to United States Citizenship and Immigration Services (USCIS) for a Reasonable Fear interview.

24. On August 11, 2015, officers discovered discrepancies in the children mentioned in paragraphs 8 and 10 birth certificates. Between ABDELREHIM's alien file (Axx xxx 495) and Kassem Hachem's alien file (Axxx-xxx- 587) there are two different birth certificates for the same two minor children. On one set the children's names are Adham Ismael Abdulqadir and Hanan Kassem Abdulhadi Hashem both certificates show the father as Ismael Husain Abdul-Qadir these certificates are located in ABDELREHIM's alien file and were used to show the legitimate marriage between ABDELREHIM and Abdul-Qadir. The other set shows children's names as Adham Abdulhadi Hachem and Hanan Kassem Abdulhadi Hachem and these certificates are located in Hachem's A file. Michigan Vital Records in Lansing confirms that for Adham the original birth certificate showed Ismael Abdul-Qadir as the father and that was later changed by and affidavit of parentage to reflect Kassem Abulhadi Hachem as the father, this also changed the child's name from Adham Ismael Abdulqadir to Adham Kassem Abdulhadi Hashem. For Hanan the original birth certificate was issued with the father as Kassem Abulhadi Hachem and was changed to Ismael.

25. On August 27, 2015, officers interviewed Ismael Abdul-Qadir. Abdul-Qadir stated that their marriage was out of convenience for him since his parents wanted him to marry, and for her because she required immigration status. Stated they were living together as husband and wife for a year then problems arose. Abdul-Qadir stated that about one year (approximately April of 2002) into the marriage they were both dating and having sexual relations with other people. Abdul-Qadir stated that he left Michigan to work in Alabama in late 2003 or early 2004 and resided there until sometime in 2009, and during that time they barely communicated. Abdul-Qadir stated that neither of the children where his. Abdul-Qadir stated ABDELREHIM contacted him that he needed to help her for her last interview with USCIS, which at that time their marriage was over according to him. He stated that ABDELREHIM said this is the last time we have to do this and he claimed he told USCIS "what they needed to hear" so ABDELREHIM could get her status and they could get on with their lives.

26. On September 10, 2015, an Immigration Judge in Detroit, Michigan upheld USCIS's determination that HACHEM does not have a credible fear of returning to Lebanon.

27. On September 25, 2015, HACHEM was interviewed with his attorney present. In the interview HACHEM admitted that he did self-remove from the United States, that he did receive a United States passport in the name Faouzi Hamade and that he received that passport from Faouzi Hamade in Lebanon, that he used that passport to enter the United States at the Detroit / Windsor tunnel on March 21, 2009, and that he has continuously resided in the United States with his wife Manal Abdelrehim in Canton, Michigan since.

28. On September 30, 2015, the official Immigration file (Axxx xxx 587) and system automated data were reviewed and showed that HACHEM did not obtain the express consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission thereto; in violation of Title 8 United States Code, Section 1326.

29. The aforementioned arrest and subsequent detention of HACHEM was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of

any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

30. Based on the above information, I have concluded that, to the best of my knowledge and belief, there is probable cause to believe that Kassem Abdulhadi HACHEM, is present in the United States, in violation of Title 8, United States Code, Section 1326(a), to wit, reentry of a removed alien who has been denied admission, excluded, deported, or removed, or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, attempts to enter, or is at any time found in, the United States, did knowingly use the identification of another person to enter the United States in violation of Title 18, United States Code, Section 1028A, Aggravated Identity Theft, and was party to a Fraudulently filed I-130, Petition for Alien Relative in violation of Title 18, United States Code, Section 1546(a), Visa Fraud.

31. Based on the above information, I have concluded that, to the best of my knowledge and belief, there is probable cause to believe that Manal Abdel Rahmen ABDELREHIM knowingly procured citizenship by fraud, in violation of Title 18, United States Code, Section 1425, Procurement of Citizenship or Naturalization Unlawfully, and was party to a Fraudulently filed I-130, Petition for Alien Relative in violation of Title 18, United States Code, Section 1546(a), Visa Fraud.

_____

Trent M. Horky, Task Force Officer
Homeland Security Investigation
Border Enforcement Security Task Force

Subscribed and sworn to before me this 2nd day of October, 2015.

_____

United States Magistrate Judge Mona K. Majzoub
United States District Court
Eastern District of Michigan